E-FILED
Friday, 20 May, 2011 01:32:41 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANNY BRITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-1034 |
| | ) | |
| PEORIA COUNTY, DEPUTY LEE HOFFMAN, DEPUTY BRET MERNA, DEPUTY TYLER McCOY, DEPUTY ADAM KENNY, DEPUTY DANIEL CORPUS, and TWO UNIDENTIFIED DEPUTIES, | ) ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

This matter was before the Court for oral argument on Defendants' Motions to Dismiss or Strike on Wednesday, May 18, 2011. For the reasons set forth below, the Motion to Dismiss by Deputies Hoffman and Merna [#14] is GRANTED. The Motion to Dismiss by Deputy McCoy [#9] is GRANTED IN PART and DENIED IN PART, and the Motion to Dismiss by Deputies Corpus and Kenny [#12] is GRANTED. The portions of the Motions requesting that portions of the Complaint be stricken are DENIED.

### BACKGROUND

This action is brought pursuant to 42 U.S.C. § 1983. Plaintiff, Danny Britt ("Britt") alleges claims arising out of two traffic stops at approximately 12:30am on July 27, 2010, and approximately 11:56pm on August 3, 2010. The first stop involved Deputy Hoffman and Deputy Merna. The second stop involved Deputy McCoy, Deputy Kenny, and Deputy Corpus. On both occasions, Britt was purportedly pulled over for having a rear registration light out on his truck

but was not ticketed. He subsequently filed complaints with the Sheriff's Department and then brought this suit against Deputies Hoffman, Merna, McCoy, Kenny, Corpus, two unidentified deputies, and Peoria County. At oral argument, Britt clarified that he does not state any separate claim against Peoria County and agreed that the County should be dismissed from this action.

### DEFENDANTS' MOTIONS TO DISMISS

#### A. Legal Standard

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

B.	**Analysis - July 27, 2010 Traffic Stop**

**Deputies Hoffman and Merna**

As clarified by Britt during the May 18, 2011, hearing, he asserts two claims against Hoffman and Merna: (1) racial profiling, and (2) obstruction of justice. Each claim will be addressed in turn.

1.	Racial Profiling

Challenges of racial profiling are deemed to be claims under the Equal Protection Clause. *Chavez v. Illinois State Police*, 251 F.3d 612, 620 (7th Cir. 2001). Such claims require proof that the defendant's actions had a discriminatory effect and were motivated by discriminatory purpose. *Id.*, at 635-36; *United States v. Barlow*, 310 F.3d 1007, 1010 (7th Cir. 2002). Discriminatory effect in turn requires a showing "that they are members of a protected class, that they are otherwise similarly situated to members of the unprotected class, and that plaintiffs were treated differently from members of the unprotected class." *Id.*, *citing Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000). To show discriminatory intent, a plaintiff must demonstrate that "decisionmakers in [his] case acted with discriminatory purpose." *Id.*, at 645. This requires "more than . . . intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of' . . . its adverse effects upon an identifiable group.'" *Id.*, *citing McCleskey v. Kemp*, 481 U.S. 279, 298 (1987).

Although the stray remarks in the Complaint that he was driving in a "hot spot" or asking where he worked that he could afford his truck could be broadly characterized as a claim of racial profiling, Britt's Complaint does not name any similarly situated individual who was not stopped or searched under similar conditions or utilize any statistics to support this conclusion. Nor can Britt's allegations against these Defendants reasonably be construed as a demonstration of

3

discriminatory intent without resorting to pure speculation and conjecture. Britt's failure to allege either discriminatory effect or impact is fatal to his Equal Protection claim as a matter of law, and the Motion to Dismiss is granted in this respect.

    2.    <u>Obstruction of Justice</u>

Britt asserts a claim of obstruction of justice against Hoffman and Merna based on the fact that their microphones were either shut off or failed to function properly to record the stop. However, there is no Constitutional right to either a recording or video of a traffic stop. *Ohio v. Robinette*, 519 U.S. 33, 35 (1996). His claim therefore fails as a matter of law.

    **C.**    **Analysis - August 3, 2010 Traffic Stop**

    **Deputy McCoy**

As clarified by Britt during the May 18, 2011, hearing, he asserts four claims against McCoy: (1) racial profiling; (2) unconstitutional search; (3) excessive force; and (4) obstruction of justice. Each claim will be addressed in turn.

    1.    <u>Racial Profiling</u>

As with Britt's claim against Deputies Hoffman and Merna, the stray remarks in the Complaint could be broadly characterized as a claim of racial profiling, Britt has again made no effort to establish discriminatory effect. With respect to an attempt to show discriminatory intent, the Complaint alleges that McCoy referred to the area of the stop as a "hot spot" and that he heard McCoy or one of the other deputies make a statement like, "the nigger is driving all around like that this time of night, he is up to something." However, Britt admits that he could not be sure what was said or who said it because he was in his vehicle at the time. He also refers to a policy of using failure to give a proper turn signal or malfunctioning registration light as pretextual reasons to stop

African Americans for "driving while black." Assuming that these allegations were sufficient to support the discriminatory intent prong of the analysis, he has still made no attempt to establish discriminatory effect. This renders his Complaint insufficient to support his Equal Protection claim as a matter of law under *Chavez*, and it must be dismissed.

2. Unconstitutional Search

The Fourth Amendment protects individuals from unreasonable searches. U.S. Const. Amend. IV. Although McCoy takes the position that no search occurred, his Motion cites *Michigan v. Long*, 436 U.S. 1032, 1049 (1983), for the proposition that where an officer has reasonable suspicion that a motorist may be armed and may be able to gain immediate control of weapons may conduct a protective search of the passenger compartment of the vehicle without a warrant. McCoy refers to his observation of Britt driving back and forth in an area of a known drug house late at night and the lack of a working rear registration light, as well as his knowledge that there had been several shootings in that area and Britt's failure to pull over for approximately 45 seconds after he activated his emergency lights as a basis for his reasonable suspicion. Britt denies that his rear registration light was out, states that he lives nearby and has driven this same route home every night for years, and that he only waited until he was in a safe place to pull over.

At this stage of the proceedings when all disputes of fact are construed in the light most favorable to Britt as required by law, disputes of material fact regarding the reasonableness of any search cannot appropriately be resolved in a motion to dismiss. Accordingly, McCoy's Motion to Dismiss is denied as to Britt's unconstitutional search claim .

3. Excessive Force

Britt attempts to assert an excessive force claim based on his allegations that when he tried to exit the car or make any movement to see what McCoy was doing, McCoy placed his hand on the butt of his holstered gun in a manner that Britt interpreted as threatening. With all due respect, this does not amount to a cognizable claim of excessive force.

The analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized "excessive force" standard. Where, as here, the excessive force claim arises in the context of the traffic stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment. *Id.* All claims that law enforcement officers have used excessive force in the course of an arrest or other "seizure" of a free citizen are analyzed under the Fourth Amendment and its objective "reasonableness" standard. *Id.* at 395. In other words, to properly state a fourth amendment excessive force claim, a plaintiff must establish that a seizure occurred and that the officer's use of force in effecting the seizure was unreasonable. *United States v. Hernandez*, 1997 WL 80916, *3 (N.D. Ill. Feb. 21 1997).

The reasonableness of the officer's use of force is to be judged from the perspective of a reasonable officer on the scene at the moment that the force was used. *Graham*, 490 U.S. at 396. Courts must consider the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 395; *Lawrence v. Kenosha County*, 391 F.3d 837, 843 (7th Cir. 2004).

The only discernable use of "force" that can be inferred from the Complaint is the allegation that McCoy placed his hand on the butt of his weapon and called for back-up. It is undisputed that McCoy never drew his weapon from the holster or pointed it at Britt, and Britt admits that there was no physical contact at any time during the stop. Nor does Britt contend that McCoy made any menacing statements or threats to him while touching his weapon; the allegation that the gun was touched in a threatening manner is speculation and conjecture by Britt. Accordingly, as the Complaint fails to present allegations sufficient to raise a right to relief beyond a speculative level, his excessive force claim must be dismissed.

4. Obstruction of Justice

In support of his obstruction of justice claim, Britt contends that McCoy's microphone did not function during the first minute or so of the stop and that the angle of his squad car did not permit the dashboard camera to record the passenger side of Britt's car during the stop. As with his obstruction of justice claims against the other Defendants, such a claim would be constitutionally insufficient under *Robinette* for the reasons stated above.

**Deputies Kenny and Corpus**

When construed in the light most favorable to Britt and clarified by the oral argument, the Complaint alleges that Deputies Kenny and Corpus arrived to provide back-up to McCoy during the traffic stop on August 3, 2010, and parked their squad cars a block away from the location of the stop to avoid capturing McCoy's alleged misconduct on their dashboard cameras. Again, as there is no Constitutional right to either a recording or video of a traffic stop, *Robinette*, 519 U.S. at 35, and there can be no violation caused simply by responding to another officer's request for backup, the Motion to Dismiss is granted.

## Conclusion

For the reasons set forth above, the Motion to Dismiss by Deputies Hoffman and Merna [#14] is GRANTED. The Motion to Dismiss by Deputy McCoy [#9] is GRANTED IN PART and DENIED IN PART, and the Motion to Dismiss by Deputies Corpus and Kenny [#12] is GRANTED. The portions of the Motions requesting that portions of the Complaint be stricken are DENIED. Defendants Corpus, Kenny, Hoffman, and Merna are TERMINATED as parties to this action. Defendant McCoy is directed to answer Britt's remaining Fourth Amendment claim on or before June 8, 2011. This matter is again REFERRED to Magistrate Judge Gorman for further proceedings.

ENTERED this 20th day of May, 2011.

s/ James E. Shadid
James E. Shadid
United States District Judge