UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNY BRITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-1034 |
| | ) |
| PEORIA COUNTY, DEPUTY LEE HOFFMAN, DEPUTY BRET MERNA, DEPUTY TYLER McCOY, DEPUTY ADAM KENNY, DEPUTY DANIEL CORPUS, and TWO UNIDENTIFIED DEPUTIES, | ) |
| | ) |
| Defendant. | ) |

# O R D E R

This matter is now before the Court on Defendant Deputy McCoy's Motion for Summary Judgment. For the reasons set forth below, the Motion [48] is GRANTED.

### BACKGROUND

This action is brought pursuant to 42 U.S.C. § 1983. In what remains before the Court, Plaintiff, Danny Britt ("Britt") alleges a Fourth Amendment claim arising out of a traffic stop at approximately 11:56pm on August 3, 2010. Britt was pulled over for the stated reason of not having a properly functioning rear registration light on his truck but was not ticketed. He did not immediately pull over after seeing that Deputy McCoy had turned on his red and blue lights, but rather continued for approximately 15 seconds before stopping.

Deputy McCoy approached the passenger side of the vehicle, which is the side away from oncoming traffic. The dash camera of the squad car was activated; although the driver's side of the vehicle is visible on the recording, it did not capture Deputy McCoy's actions at the passenger door

of the vehicle. There is also no audio for the first minute and 50 seconds of the recording. Britt contends that during the approximately seven minutes and 10 seconds that his vehicle was stopped on the side of the road, Deputy McCoy conducted an unlawful search of his vehicle for about two minutes, including the passenger seat, under the passenger seat and the center console. During this time, Britt further alleges that Deputy McCoy placed something under his passenger seat.

Britt subsequently filed a complaint with the Sheriff's Department and then brought this suit. Deputy McCoy has moved for summary judgment. Britt has filed his response, and this Order follows.

## LEGAL STANDARD

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." Id. at 2553. However, a plaintiff's uncorroborated testimony or subjective belief standing alone is insufficient to defeat a motion for summary judgment. Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 939 (7th Cir. 1997); Chiaramonte v. Fashion Bed Group, Inc., 129 F.3d 391, 401 (7th Cir. 1997). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex Corp., 106 S.Ct. at 2553. This Court must then determine whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. Anderson, 106 S.Ct. at 2511; Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

## ANALYSIS

Section 1983 imposes liability where a defendant acts under color of a state law and the defendant's conduct violated the plaintiff's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983. To establish a cause of action under § 1983, the plaintiff must allege: (1) that the defendant has deprived him of a federal right, and (2) that the defendant acted under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). As a deputy with the Peoria County Sheriff's Department, it is undisputed that McCoy was acting in his capacity as a state actor and therefore the only remaining issue is whether Britt has adequately presented proof of a deprivation of a constitutional right. Britt claims violation of his rights under the Fourth Amendment.

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV. "The touchstone of the Fourth Amendment is reasonableness." United States

v. Jackson, 598 F.3d 340, 346 (7th Cir. 2010), *citing* Florida v. Jimeno, 500 U.S. 248, 250 (1991). Accordingly, searches and seizures are proscribed only where they are unreasonable. Id.

Here, there is a dispute over whether there was in fact a search. Britt insists that after pulling him over for an allegedly malfunctioning registration light, McCoy conducted a search that included the passenger seat, under the passenger seat, and the center console of the vehicle lasting for about two minutes that is not captured on either the video or audio recordings. Deputy McCoy denies that any search ever took place. Britt has given conflicting versions of exactly what happened and when during the stop, offering examples of colorful colloquy that are unsupported by the audio or video recording. For example, Britt says the search lasted for two minutes and occurred before the backup officers arrived. As the video clearly shows McCoy first approaching the passenger side of Britt's car at 1:05 into the video and the first backup officer arriving at 1:55, this would mean that the alleged search, which included a search of three areas, conversation, multiple trips back and forth to the squad car, and planting evidence, would have had to happen within those 50 seconds. The video, which functioned during the entire course of the stop, does not confirm the alleged multiple trips back and forth between Britt's vehicle and the squad car. Britt's allegations of the conversations that occurred following the alleged search are also not confirmed by the audio, which began functioning 1 minute and 50 seconds into the stop, and Britt has since admitted that some of his allegations were false. He also accused the deputies of attempting to shoot, beat, physically assault, or kill him despite the fact that no weapons were drawn nor was any physical contact made with him at any time during the stop.

Britt does not dispute Defendant's version of what the video does show. From 1:05 to 2:50, the video shows Deputy McCoy at the passenger side of Britt's vehicle. At 2:50, McCoy walks back

4

to his vehicle, where he remains until he walks back to the passenger side of Britt's vehicle at 6:58 into the video. The audio records McCoy giving Britt a verbal warning to get his registration light fixed, Britt asking for and receiving McCoy's name, badge number, and lieutenant's phone number before McCoy telling him to have a good night. Britt starts his car and drives away at 7:52 into the recording.

Based upon this record, the Court finds that no reasonable jury could conclude that Britt was the victim of an unreasonable search in connection with the August 3, 2010 traffic stop. Accordingly, Deputy McCoy is entitled to summary judgment in his favor.

Alternatively, Deputy McCoy argues that even if there was a search, he is nevertheless entitled to qualified immunity. In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the United States Supreme Court enunciated the "modern standard to be applied in qualified immunity cases." Auriemma v. Rice, 895 F.2d 338, 341 (7th Cir. 1990). The Court stated:

> Governmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818. The test for qualified immunity is "whether the law was clear in relation to the specific facts confronting the public official when [he or she] acted." Green v. Carlson, 826 F.2d 647, 649 (7th Cir. 1987). In deciding whether a defendant will enjoy qualified immunity, courts must determine: "(1) whether the plaintiff has asserted a violation of a federal right, and (2) whether the constitutional standards implicated were clearly established at the time in question." Eversole v. Steele, 59 F.3d 710, 717 (7th Cir. 1995), *citing* Kernats v. O'Sullivan, 35 F.3d 1171, 1176 (7th Cir. 1994); Cavalieri v. Shepard, 321 F.3d 616, 620 (7th Cir. 2003). The first issue is a threshold one.

Scott v. Harris, 127 S.Ct. 1769, 1774 (2007), *citing* Saucier v. Katz, 533 U.S. 194, 201 (2001). If the plaintiff fails to state a violation of a federal right, then the plaintiff's claim fails altogether and the court need not go on to decide whether the law was clearly established at the time of the offense. Id.; *see also,* Marshall v. Allen, 984 F.2d 787, 793 (7th Cir. 1993); Zorzi v. County of Putnam, 30 F.3d 885, 892 (7th Cir. 1994); Eversole, 59 F.3d at 717.

In outlining the approach a court must take in addressing qualified immunity, the Seventh Circuit has advised:

> Once the defendant's actions are defined or characterized according to the specific facts of the case this characterization is compared to the body of law existing at the time of the alleged violation to determine if constitutional, statutory, or case law shows that the now specifically defined actions violated the clearly established law.

Landstrom v. Ill. Dept. of Children & Family Serv., 892 F.2d 670, 675 (7th Cir. 1990), *quoting* Rakovich v. Wade, 850 F.2d 1180, 1209 (7th Cir. 1988) (en banc), *cert. denied*, 109 S.Ct. 497 (1989). The Seventh Circuit has held that "a plaintiff may overcome a claim of qualified immunity by presenting case law that 'has both articulated the right at issue and applied it to a factual circumstance similar to the one at hand.'" Doyle v. Camelot Care Centers, Inc., 305 F.3d 603, 620 (7th Cir. 2002), *citing* Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir.1997). The Court of Appeals went on to find that the "simple existence of analogous case law" does not defeat the claim of qualified immunity, but rather only decisions demonstrating that, "at the time the defendants acted, it was certain that their conduct violated the law." Id., *citing* Duda v. Bd. of Educ., 133 F.3d 1054, 1062 (7th Cir.1998) (indicating that the case law must "dictate" that the defendants' conduct violated the constitution). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-

existing law the unlawfulness must be apparent." Id., *citing* Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2515, 153 L.Ed.2d 666 (2002).

Assuming arguendo that Britt could establish that a search actually occurred during the traffic stop, he must still demonstrate that the search was unreasonable in order for it to amount to a violation of his Fourth Amendment rights. McCoy cites *Michigan v. Long*, 436 U.S. 1032, 1049 (1983), for the proposition that where an officer has reasonable suspicion that a motorist may be armed and may be able to gain immediate control of weapons may conduct a protective search of the passenger compartment of the vehicle without a warrant. McCoy refers to his observation of Britt driving back and forth in an area of a known drug house late at night, the lack of a working rear registration light, and Britt's failure to pull over for approximately 15 seconds after he activated his emergency lights as a basis for his reasonable suspicion. Britt does not make any argument to the contrary or offer any citation to case law indicating that these facts would not provide reasonable suspicion to support a protective search under the circumstances. McCoy would therefore be entitled to qualified immunity as well.

## CONCLUSION

For the reasons set forth above, Defendant McCoy's Motion for Summary Judgment [48] is GRANTED. This matter is now terminated, and any existing deadlines are vacated.

ENTERED this 6TH day of February, 2013.

s/ James E. Shadid<br>
James E. Shadid<br>
Chief United States District Judge